NO. 07-08-0181-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 30, 2008



______________________________





IN RE CURTIS RAY NASH



_________________________________





Before CAMPBELL, HANCOCK and PIRTLE, JJ.





MEMORANDUM OPINION

 
          This is an original habeas corpus proceeding through which petitioner Curtis Ray
Nash contends that his civil contempt incarceration is illegal because he is unable to pay
the sum of $45,017.82 in back child support plus court costs and attorney fees required for
him to purge himself of the contempt. Because Nash has failed to establish all elements
of the affirmative defense of inability to pay, we remand him to the custody of the Potter
County Sheriff.

          The underlying divorce decree ordered Nash to pay $250.00 per month in child
support that he had habitually failed to pay. As a result of Nash’s failure to pay support as
ordered, an order for enforcement of child support obligation was sought on behalf of Laura
Christian Dawn, the mother of the children, by the Office of the Attorney General. At a
hearing conducted on October 11, 2007, Nash was held in contempt for failure to pay four
specific child support payments. The court sentenced Nash to 180 days in jail for each
separate act of contempt, with all jail time to run concurrently. The court further ordered
Nash committed to the county jail until he paid the sum of $45,017.82 in child support
arrearage, the sum of $150.00 in attorney fees, and all costs of court. After Nash had
completed serving the criminal contempt portion of the sentence, he was not released from
the county jail. Subsequently, Nash filed a petition for writ of habeas corpus with the trial
court. A hearing on the writ was held on April 14, 2008. After hearing the testimony, the
trial court denied the petition and Nash was ordered back to jail. Thereafter, on April 23,
2008, Nash filed a petition for writ of habeas corpus with this Court. We ordered him
released on bond pending our determination of the merits of Nash’s claims.

          Nash contends that his continued incarceration for civil contempt is illegal because
he lacks the ability to pay the money required by the court’s commitment order. A person
cannot be incarcerated indefinitely for civil contempt if he lacks the ability to perform the
conditions of release. Ex parte Rojo, 925 S.W.2d 654, 655 (Tex. 1996). In order to avail
himself of this “inability to perform” defense, Nash was required to establish that he: 1)
lacked the ability to provide support in the amount ordered; 2) lacked property that could
be sold, mortgaged, or otherwise pledged to raise the needed funds; 3) attempted
unsuccessfully to borrow the needed funds; and 4) knew of no source from which the
money could have been borrowed or legally obtained. Tex. Fam. Code Ann. § 157.008(c)
(Vernon 2007).


 

          The record before this court consists of the reporter’s record from the original writ
of habeas corpus hearing before the trial court and the affidavit of Nash filed with his
application for writ of habeas corpus in this Court. The sum and substance of the
testimony and Nash’s affidavit is essentially the same and may be summarized as follows:

1.       Nash works as a cook in a restaurant for $6.00 per hour as part of
work release through the Potter County Jail.

2.       He was originally working 8 hours per day, but began working 12
hours per day a couple of months before the hearing.

3.       He has no bank accounts nor does he have any cash on hand.

4.       He owns no property that can be sold to pay the money required.

5.       He knows of no one that he can borrow the money from.

 
Based upon this evidence, Nash asks this Court to find that he is being illegally restrained
and to order his release. 

          The Office of the Attorney General and the Potter County Attorney’s Office have
filed a response to the application for the writ wherein they allege that Nash has failed to
carry his burden of proof on the issue of inability to pay. Specifically, both allege that the
evidence fails to show that Nash has, in fact, attempted to borrow the funds to pay the
amount owed. According to this reasoning, Nash has therefore failed to show all of the
elements of the affirmative defense set forth in the Texas Family Code. See
§157.008(c)(3).

          Analysis of the testimony and affidavit of Nash leads to the conclusion that his
statement that he knows of no one he can borrow the money from are, at best, conclusory. 
This type of conclusory statement does not meet the requirement of conclusively
establishing an inability to pay. In re Hammond, 155 S.W.3d 222, 228 (Tex.App.–El Paso
2004, no pet.) (citing Ex parte Rojo, 925 S.W.2d at 656). Further, this statement does not
indicate that Nash actually attempted to borrow the needed funds, as required by the
statute. See § 157.008(c)(3). Because this inability to perform defense is an affirmative
defense, it was Nash’s burden to prove each statutory element.

          Concluding that Nash has failed to prove the affirmative defense of his inability to
meet the condition set for his release by the trial court, we deny Nash’s petition and
remand him to the custody of the Potter County Sheriff until such time as he purges himself
of the contempt or until further orders of the trial court are entered. 

 
                                                                           Mackey K. Hancock

                                                                                     Justice